## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:11 CR 22-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| ADAM COCHRAN. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on May 15, 2012. It appearing to the court at the call of this matter on for hearing the defendant was present with his attorney, Stephen P. Lindsay and the government was present and represented through Assistant United States Attorney John Pritchard. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On September 20, 2011 a bill of indictment was issued charging the defendant with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. On May 15, 2012, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, this court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.**    18 U.S.C. § 3143(a)(2) provides as follows:

(2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

>    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

>    (ii) an attorney for the Government has recommended that no sentence  of imprisonment be imposed on the person; or

>    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on March 7, 2012 to conspiracy to violate 21 U.S.C. § 841(a)(1) and 846.  That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C).  The undersigned made an inquiry of Assistant United States Attorney John Pritchard as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant.  Mr. Pritchard advised the court that such a recommendation could not be made in this matter.  As a result of the plea of guilty, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted.  It would thus appear, and the court is of the opinion that the court is required to apply the

factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

At the hearing, defendant's counsel requested that the court place in this Order language that showed that defendant had not violated any of the terms and conditions of his pretrial release and the Court was revoking the terms and conditions of pretrial release and detaining defendant solely because of the mandatory language that is included in 18 U.S.C. § 3143(a)(2). Mr. Pritchard, on behalf of the government, advised that the government had no objection to including such a statement in this Order. As a result, this Order reflects that the court has no information that defendant, at any time, violated the terms and conditions of his pretrial release and defendant is being detained only because of the mandatory provisions of 18 U.S.C. § 3143(a)(2).


**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: May 22, 2012

Dennis L. Howell
United States Magistrate Judge